UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA ARANGURE,<br><br>                              Plaintiff,<br><br>v.<br><br>DANTON EUGENE PAUL and<br>MICHELLE PAUL,<br><br>                              Defendant. | Case No.: 15CV1652 BEN (JLB)<br><br>**ORDER DENYING LEAVE TO PROCEED IFP AND REMANDING TO STATE COURT** |

On May 21, 2015, Plaintiff Norma Arangure, Trustee of the Norma Arangure Living Trust, filed an unlawful detainer action in state court against Defendants Danton Eugene Paul and Michelle Paul. (Notice of Removal [Dkt. No. 1].) On July 24, 2015, Michelle Paul removed the action to this Court. (Dkt. No. 1.) Instead of paying the filing fee, Paul moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) For the reasons set forth below, the motion to proceed IFP is **DENIED** and the case is **REMANDED** to state court.

The Court is obligated to screen all cases filed IFP to determine if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (finding "section 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous

1  or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).

2       Upon the Court's screening of the Notice of Removal and state court Complaint, it
3  is apparent that this Court lacks subject-matter jurisdiction. The allegations of the
4  Complaint arise solely under state law. It is an unlawful detainer action. Defendants cite
5  the Protecting Tenants at Foreclosure Act in their Notice of Removal, however this is, at
6  best, a federal defense.[1] "A case may not be removed to the federal court on the basis of
7  a federal defense." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality
8  of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

9       In addition, the amount in controversy is less than $75,000, precluding diversity as
10 a basis for jurisdiction even if diversity of citizenship existed. 28 U.S.C. § 1332
11 (requiring that the amount in controversy exceed $75,000). That state court Complaint
12 alleges that the amount demanded is $25,000 or less.

13      When a case has been removed, the Court is obligated to remand it if the Court
14 finds it lacks subject-matter jurisdiction. "If at any time before final judgment it appears
15 that the district court lacks subject matter jurisdiction, the case shall be remanded." 28
16 U.S.C. 1447(c). Because the Court lacks subject matter jurisdiction, the case is
17 remanded.

18      Paul's motion to proceed IFP is **DENIED** and the case is **REMANDED**.
19      **IT IS SO ORDERED.**

20  Dated: July 27, 2015

            _____
            Hon. Roger T. Benitez
            United States District Judge

---

[1] In finding the PTFA does not provide a private right of action, the Ninth Circuit noted that it might be "intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1173 (9th Cir. 2013).